**DEREK SMITH LAW GROUP, PLLC**
TIMOTHY J. PROL, ESQ.
PA Attorney ID: 319524
NJ Attorney ID: 125782014
1628 Pine Street
Philadelphia, PA 19103
Phone: 215-391-4790
Fax: 215-893-5288
Email: tim@dereksmithlaw.com
*Attorneys for Plaintiff, Sabrina Taylor*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| SABRINA TAYLOR | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | Civil Action No. |
| MILES AND MILA ENTERPRISES, INC. | : | |
| and FAMOUS TATUM (individually) | : | |
| | : | |
| Defendants | : | Jury Trial Demanded |

_____

### CIVIL COMPLAINT

Plaintiff, Sabrina Taylor, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII")*,* the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, and seeks relief from discrimination, harassment, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Defendants, Miles and Mila Enterprises, Inc. and Famous Tatum (individually) (collectively "Defendants") and avers the following:

1

## **NATURE OF CASE**

1. This action arises out of the unlawful discrimination, hostile work environment, and retaliation by Defendants against Plaintiff on the basis of her sex and gender.

2. Plaintiff brings this action charging that Defendants violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 18 U.S.C.A. §§ 1591, 18 PA CSA 3012, the Pennsylvania Human Relations Act, as amended, 42 U.S. §§ 951, *et. seq.* ("PHRA"), and common law seeking damages to redress the injuries Plaintiff suffered as a result of being discriminated against by her employer on the basis of her sex and gender and in retaliation for her opposition and reporting the unlawful behavior.

3. Plaintiff seeks actual damages, compensatory damages, punitive damages, reinstatement of attorneys' fees, litigation costs, and pre- and post- judgment interest as remedies for Defendants' violations of his rights.

## **PARTIES**

4. Sabrina Taylor (hereinafter referred to as "Plaintiff") is a female individual who is a resident of Pennsylvania.

5. Defendant, Miles and Mila Enterprises, Inc. was and is a company organized an existing by virtue of the laws of the Commonwealth of Pennsylvania, with a headquarters at 651 Clinton Avenue, Haddonfield, New Jersey 07110 and a location at 144 Montgomery Avenue in Bala Cynwyd, Pennsylvania 19004.

6. At all times material, Plaintiff was employed by Miles and Mila Enterprises, Inc. at the Domino's Pizza Bala Cynwyd location.

7.  In or around December 2023, Plaintiff was hired by Famous Tatum (hereinafter referred to as "Defendant Tatum"), to work at the Domino's Pizza located at 144 Montgomery Avenue, Bala Cynwyd, Pennsylvania 19004.

8.  Defendant Tatum is a male who, upon information and belief, resides in the Commonwealth of Pennsylvania.

9.  At all times material Defendant Tatum maintained supervisory authority over Plaintiff and had the authority to hire, fire, and impact the terms and conditions of Plaintiff's employment.

10. Defendant Tatom was empowered by Miles and Mila Enterprises, Inc. to manage the Domino's Pizza located at 144 Montgomery Avenue, Bala Cynwyd, Pennsylvania 19004.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the state law causes of action.

12. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e., Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

13. Furthermore, Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff having received a Notice of Right to Sue.

## MATERIAL FACTS

14. On December 22, 2023, Plaintiff started employment at Defendant Miles and Mila Enterprises, Inc.

15. Plaintiff was not provided an employee handbook.

16. Plaintiff was not provided any training regarding sexual harassment in the workplace, including where and how to report sexual harassment.

17. Immediately after Plaintiff was hired, Defendant Tatum began making lewd remarks and sexual advances towards Plaintiff.

18. These remarks and advances were unwelcome.

19. Defendant Tatum told Plaintiff that she should have sex and/or "sleep with" various and sundry coworkers at the Domino's location at 144 Montgomery Avenue, Bala Cynwyd, Pennsylvania 19004.

20. Plaintiff told Defendant Tatum that she was not romantically interested in her coworkers and rebuffed Defendant Tatum's lewd sexual commentary.

21. Plaintiff noted at the time of the initial remarks, Defendant Tatum was visibly intoxicated.

22. The next day, about December 23, 2023, at about 1:50 a.m., Defendant Tatum offered Plaintiff a ride home.

23. Plaintiff was driven home by Defendant Tatum.

24. Defendant Tatum then made deliberate and overt sexual advances towards Plaintiff in an attempt to convince Plaintiff to engage in sexual activity with him.

25. Plaintiff was appalled and repulsed by Defendant Tatum's persistent sexual advances and rebuffed, declined, and denied the sexual advances by her supervisor Defendant Tatum.

26. After leaving Defendant Tatum's vehicle, Plaintiff attempted to call Defendant Tatum out of fear for losing her job as a result of her denial of his persistent, deliberate, and sustained attempts to have sex with her.

27. Defendant Tatum did not answer so Plaintiff left a voicemail video.

28. That same evening, Defendant Tatum then reached out to Plaintiff, further seeking sexual favors and/or actions from Plaintiff, advising that he needed "something to pleasure himself" when he got home.

29. Due to Defendant Tatum's sexually aggressive advances, coercion, and general demeanor towards her, out of fear of losing her job and fear of Defendant Tatum potentially coming to her home, Plaintiff sent him several photographs of herself.

30. On December 23, 2023, Plaintiff went to work and was called into the manager's office by Defendant Tatum.

31. Defendant Tatum repeatedly insisted in a lascivious tone of voice that Plaintiff "come here" and to "come closer."

32. Plaintiff denied and rebuffed the advances of Defendant Tatum but eventually felt forced to approach him, since Defendant Tatum was her manager and he made it clear through his demeanor that her job was on the line.

33. When Plaintiff approached, Defendant Tatum grabbed Plaintiff by the arm, pulled her closer, and forced a kiss on her cheek.

34. Plaintiff immediately pulled away, exclaiming, "Don't do that again!"

35. On December 30, 2023, Defendant Tatum sexually assaulted Plaintiff by taking his hand and slapping her on the buttocks.

36. Plaintiff admonished Defendant Tatum in no uncertain terms and told Defendant Tatum to never assault her like that again.

37. About January 4, 2024, due to the hostile environment created by Defendant Tatum's unwanted sexual advances and sexual assault, Plaintiff called out of work via text.

38. Defendant Tatum advised that Defendant Tatum was terminating Plaintiff's employment.

39. Defendant Tatum gave no reason for Plaintiff's termination.

40. About January 5, 2024, Plaintiff sent Defendant Tatum text messages inquiring as to why he thought it was okay to sexually assault her by slapping her buttocks and forcing a kiss on her.

41. Defendant Tatum replied that he did not recall and did not know if he was drinking at the time.

42. Plaintiff advised that she did not believe he was drinking at the time he assaulted her.

43. Defendant Tatum responded that "we do plenty of things at work that we shouldn't."

44. Plaintiff trusted her employer, Miles and Mila Enterprises, Inc., to ensure a work environment free from sexual harassment and to protect her from same.

45. Yet instead, Plaintiff was sexually harassed, sexually assaulted, and was terminated when she resisted unwanted and unwelcome overt and quid-pro-quo sexual advances by her supervisor, Defendant Tatum.

46. Plaintiff feels violated, degraded, ashamed, and dejected as a result of the sexual assault, sexual harassment, and hostile work environment she endured at the hands of Defendant Tatum, but perhaps more disturbingly, Plaintiff feels like she should not have resisted the unlawful and unwelcome sexual harassment she endured due to the loss of her job.

47. Therefore, Defendants' willful and reckless unlawful actions in this matter have a chilling effect not only on Plaintiff, causing her further harm, damages, and injury, but have a chilling effect which would reverberate throughout the system if not addressed.

48. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff has further experienced severe emotional and physical distress.

51. As a result of Defendants' conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

52. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all the Defendants jointly and severally.

53. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

54. Plaintiff claims that Defendants unlawfully discriminated against Plaintiff because of her gender and because she opposed the unlawful conduct of Defendants related to the above protected classes.

55. Plaintiff further claims constructive and/or actual discharge to the extent Plaintiff is terminated from Plaintiff's position as a result of the unlawful discrimination and retaliation.

56. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff to on a continuous and on-going basis throughout Plaintiff's employment.

57. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

58. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendant owed and breached its duty to Plaintiff to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

59. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## CAUSES OF ACTION

### COUNT I
**Disparate Treatment Sex Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
(*Plaintiff v. Defendant Miles and Mila Enterprises, Inc.*)**

60. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

61. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

> a.    "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

> 42 U.S.C. § 2000e-2

62. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(d) further provides that "it shall be an unlawful employment practice for an employer… controlling… training or retraining,

including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide training."

63. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Plaintiff with respect to her compensation, terms, conditions, training, and privileges of employment because of her sex.

64. Defendants subjected Plaintiff to adverse tangible employment actions – defined as significant changes in Plaintiff's employment status, discipline, denial of training, failure to promote, reassignment with significantly different job responsibilities, and decisions causing significant changes in her employment benefits.

65. At all times material, Plaintiff was and is a woman.

66. At all times material, Defendants had knowledge of Plaintiff's sex.

67. At all times material, Defendants held supervisory authority over Plaintiff with respect to her employment.

68. At all times material, Defendant Miles and Mila Enterprises, Inc. authorized Defendant Tatum to take tangible employment action against Plaintiff as an employee of Miles and Mila Enterprises, Inc.

69. As alleged herein, Defendants intentionally discriminated against Plaintiff with regard to the terms and conditions of her employment on the basis Plaintiff's membership in one or more protected classes.

70. At all times material, Defendants' discriminatory conduct, included but not limited to Defendant Tatum groping Plaintiff's buttocks, forcefully kissing her, making lewd remarks, and all Defendants' subsequent conduct thereafter, was not welcomed by Plaintiff.

71. At all times material, Defendants' conduct towards Plaintiff was intentionally based upon Plaintiff's membership in one or more protected classes.

72. At all times material, Plaintiff's membership in one or more protected classes were motivating and/or determinative factors in Defendants' discriminatory conduct.

73. Defendants cannot show any legitimate, nondiscriminatory reasons for its employment practices and any reasons proffered by Defendants for their actions against Plaintiff are pretextual.

74. As alleged herein, Defendants' discriminatory and harassing actions towards Plaintiff because of Plaintiff's membership in one or more protected classes are unlawful employment practices in violation of the Civil Rights Act of 1964.

75. Defendants' unlawful employment actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

76. Defendants acted upon a continuing course of conduct.

77. Defendant Miles and Mila Enterprises, Inc. is vicariously liable for the unlawful employment actions by Defendant Tatum against Plaintiff in the course and scope of her employment with Defendant Miles and Mila Enterprises, Inc.

78. An employer is strictly liable for supervisor harassment that culminates in a tangible employment action,  such as discharge, demotion, or undesirable reassignment. *Pa. State Police v. Suders*, 542 U.S. 129 (2004)(citing *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998)).

79. As a result of Defendants' unlawful discrimination in violation of Title VII, Plaintiff has suffered and continues to suffer physical, emotional, and financial harm.

80. Defendant Miles and Mila Enterprises, Inc., and Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

81. As a result of Defendant Miles and Mila Enterprises, Inc., and Defendant Tatum's violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## COUNT II
### Hostile Work Environment in Violation of
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq
### (*Plaintiff v. Defendant Miles and Mila Enterprises, Inc.*)

82. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

83. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

> b.    "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

> 42 U.S.C. § 2000e-2

84. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiff's employment. *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

85. Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum in his capacity as Plaintiff's supervisor, intentionally discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's sex.

86. Defendant Miles and Mila Enterprises, Inc. delegated to Defendant Tatum the authority to control Plaintiff's work environment, and they abused that authority to create a hostile work environment.

87. The conduct of Defendant Miles and Mila Enterprises, Inc. and Defendant was sufficiently severe to alter the conditions of Plaintiff's employment.

88. The conduct of Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum was sufficiently severe to create an abusive working environment.

89. At all times material, Defendant Miles and Mila Enterprises, Inc.'s and Defendant Tatum's intentional, discrimination based on Plaintiff's sex was not welcomed by Plaintiff.

90. At all times material, the intentional, discrimination based on Plaintiff's sex by Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

91. At all times material, Plaintiff believed Plaintiff's work environment to be hostile or abusive as a result of Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's discriminatory conduct on the basis of Plaintiff's sex.

92. The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

93. Defendant Miles and Mila Enterprises, Inc. provided a futile avenue for complaint.

94. Defendant Miles and Mila Enterprises, Inc. retaliated against Plaintiff for her complaints.

95. Defendant Miles and Mila Enterprises, Inc. acted upon a continuing course of conduct.

96. Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

97. As a result of Miles and Mila Enterprises, Inc. and Tatum's violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**<u>COUNT III</u>**
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,** *et seq.*
**(***Plaintiff v. Defendant Miles and Mila Enterprises, Inc.***)**

98. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

99. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

100. As alleged herein, Plaintiff engaged in protected activity under Title VII including, but not limited to opposing and reporting Defendants' unlawful discriminatory employment practices, including the lewd comments and advances of Plaintiff's manager and supervisor, Defendant Tatum.

101.  At all times material, Plaintiff acted under a reasonable, good-faith belief that Plaintiff's right to be free from discrimination in the workplace was being violated by Defendants' conduct.

102.  Defendants subjected Plaintiff to materially adverse employment actions subsequent to Plaintiff reporting discriminatory conduct, specifically but not limited to empowering Defendant Tatum to hire and fire Plaintiff while engaging in his sexually-harassing discrimination and failing to take any corrective action against Defendant Tatum, culminating in Defendants' termination of Plaintiff's employment on January 4, 2024.

103.  At all times material, Plaintiff's protected opposition activity was the determinative factor in some or all of Defendants' materially adverse actions against Plaintiff.

104.  At all times material, Plaintiff's protected opposition activity was the but-for cause of some or all of Defendants' materially adverse actions against Plaintiff.

105.  The temporal proximity between Plaintiff's protected activity and Defendants' decision to take materially adverse action against Plaintiff is unusually suggestive of a retaliatory motive and gives rise to an inference of causation.

106.  Defendants' materially adverse actions against Plaintiff in retaliation for Plaintiff's protected opposition activity were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

107.  Defendants' actions to take materially adverse employment actions against Plaintiff in retaliation for Plaintiff's protected opposition activity are unlawful employment practices in violation of Title VII.

108. Defendant is vicariously liable for the unlawful actions of its employees or agents, including the actions of Defendant Tatum, against Plaintiff in the course and scope of her employment with Defendants.

109. As a result of Defendants' retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer physical, emotional, and financial harm.

110. Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

111. As a result of Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## COUNT IV
### Intentional Infliction of Emotional Distress (IIED)
### *(Plaintiff v. Defendant Famous Tatum)*

112. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

113. Plaintiff brings this claim against Defendant Tatum in his individual capacity for intentional infliction of emotional distress ("IIED").

114. To prove a claim of IIED, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. *Hooten v. Penna. College of Optometry*, 601

15

F.Supp. 1155 (E.D.Pa.1984); *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa.Super. 1997); Restatement (Second) of Torts § 46.

115. Defendant Tatum engaged in intentionally and recklessly harassed and inflicted emotional injury on Plaintiffs by subjecting her to the outrageous treatment beyond all bounds of decency by, in his capacity as Plaintiff's supervisor, making lewd sexual remarks, engaging in quid-pro-quo sexual harassment, forcing Plaintiff to kiss him, and sexually assaulting Plaintiff by spanking her on the buttocks, among other things.

116. Defendant Tatum mentally, and physically abused Plaintiff and treated her in a demeaning and inferior manner, which no reasonable person could be expected to endure.

117. As set forth above and as incorporated herein, Plaintiff sought treatment as a result of Defendant Tatum's unlawful sexual harassment.

118. As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiff has sustained severe emotional distress, resulting in bodily and mental injury, and damages, including punitive damages, to be determined at trial.

### COUNT V
**Discrimination, Disparate Treatment, Hostile Work Environment**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq.***
**(*Plaintiff v. Defendant Miles and Mila Enterprises, Inc.*)**

119. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

120. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: (b) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of blindness, deafness or physical handicap of any individual or independent contractor, to

refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or impendent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the service required.

121.  Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex and gender.

122.  Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

123.  Defendant Miles and Mila Enterprises, Inc. is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

124.  Defendant Famous Tatum is a supervisor and/or manager employed at all times material by Defendant Miles and Mila Enterprises, Inc. and he compelled, coerced, and/or caused the violations of the Act alleged herein.

125.  Plaintiff is protected under the Pennsylvania Human Relations Act as she is an employee of an employer and is a member of a protected class by virtue of her sex.

126.  Defendant subjected Plaintiff to a harassing, hostile work environment and disparately treated Plaintiff on the basis of her protected class.

127.  As a direct and proximate result of Defendant's discrimination, harassment, and retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and

suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

128.  Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

129.  Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

130.  Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

### COUNT VI
**Retaliation**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq.***
**(*Plaintiff v. Defendant Miles and Mila Enterprises, Inc.*)**

131.  Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

132.  PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a civil, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

133.  Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

134.  Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

135.  Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

136.  Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

137.  As a result of Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's violations of PHRA, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## <u>COUNT VII</u>
### Aiding and Abetting
### Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq*.
### (*Plaintiff v. Defendant Tatum*)

138.  Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

139.  PHRA § 955(e) provides that it shall be unlawful discriminatory practice: "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

140.  Defendant Tatum engaged in an unlawful discriminatory practice in violation of PHRA § 955, the discriminatory conduct.

141.  Defendant Tatum's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

142.  Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

143.  Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

144.  As a result of Defendant Miles and Mila Enterprises, Inc. and Defendant Tatum's violations of PHRA, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims, her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sabrina Taylor demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages,

equitable damages, liquidated damages, statutory damages, attorney's fees, costs, and

disbursement of action; and for such other relief as the Court deems equitable, just, and proper.


                                        Respectfully submitted,

Dated: October 6, 2025                  **DEREK SMITH LAW GROUP, PLLC**
                                        */s/ Timothy J. Prol*
                                        TIMOTHY J. PROL, ESQ.
                                        PA Attorney ID: 319524
                                        NJ Attorney ID: 125782014
                                        1628 Pine Street
                                        Philadelphia, PA 19103
                                        Phone: 215-391-4790
                                        Fax: 215-893-5288
                                        Email: tim@dereksmithlaw.com
                                        *Attorneys for Plaintiff, Sabrina Taylor*